Marsh v. Town of Little Valley.

---

MARSH v. TOWN OF LITTLE VALLEY.

*Town bonds — validity of bounty bonds — action maintainable upon such bonds against town — Repeal of act authorizing issue of bonds.*

At a special town meeting of the town of L., held in 1864, it was voted to pay $200 to each person furnishing a substitute to apply upon the quota of the town, under a call for men by the President of the United States. In 1869 the proceedings of the town meeting were legalized by act of the legislature (Laws 1869, chap. 590), and provision made for the issue of bonds, which were in the act declared to be a legal claim against the town. In pursuance of this act bonds were issued to those furnishing substitutes. *Held,* (1) that

the bonds so issued were valid, and (2) that the holder might recover the amount due thereon by action.

The act under which the bonds were issued was subsequently repealed (Laws 1873, chap. 21). *Held*, not to affect the rights of the holders of the bonds.

APPEAL from a judgment in favor of plaintiff, in an action tried by the court without a jury.

The action was brought in Cattaraugus county by Orris Marsh against the town of Little Valley, in said county, upon three town bonds issued by defendant and held by plaintiff under these circumstances:

A special town meeting was held in said town August 29, 1864, for the purpose of voting on this resolution:

"*Resolved*, That a tax be laid upon the taxable property of the town of Little Valley, for the purpose of paying a bounty, not exceeding $200, to each volunteer to the credit of this town upon the call of the President made July, 1864, for 500,000 men."

The resolution voted upon at such meeting was adopted. Evidence was given at the trial showing that the ballots used at the meeting were in this form :

" For the resolution and to pay two hundred dollars to each person furnishing a substitute to the credit of the town upon its quota upon the call of the President for 500,000 men, made July 18th, 1864."

In 1869 an act was passed by the legislature to legalize the acts and proceedings of the said special town meeting "for the purpose of raising money to pay a bounty," etc., "and for the purpose of paying the sum of two hundred dollars to each person furnishing a substitute to apply in reduction of the quota of said town." By said act the board of town auditors were authorized to audit substitute claims, and allow each person furnishing a substitute $200 and interest, etc., and the supervisor and town clerk were authorized to issue a town bond to each person furnishing a substitute, which bond was declared to be a legal claim against the town; and the board of supervisors of Cattaraugus county, at any annual meeting, were directed to impose a tax to pay said bonds. Under the provisions of this act, the board of town auditors audited the claims of three persons for substitutes furnished, and three town bonds of $265.76 each (bearing interest) were issued by the supervisor and town clerk, payable to the persons to whom the claims were audited or bearer February 1, 1873. Shortly afterward the

payees of the bonds sold them to plaintiff. The board of supervisors of Cattaraugus county afterward levied a tax upon the town named for the purpose of paying the interest, and a part of the interest was paid. In 1873, by act passed February 20, the act under authority of which the bonds were issued, was repealed. Laws 1873, chap. 21.

Judgment was rendered in favor of plaintiff for $1,002.56, the amount due on the bonds, principal and interest, the court deciding that the plaintiff was entitled to maintain the action; that the act passed in 1869 was constitutional and valid; that the bonds were valid obligations against the town, and that the act passed in 1871 did not affect plaintiff's right to recover, to each of which findings defendant's counsel excepted.

*Henderson & Wentworth*, for appellant. Plaintiff's remedy is by mandamus and not by action. *Bell* v. *Town of Esopus*, 49 Barb. 506; *People* v. *Auditors of Westford*, 38 How. 23; S. C., 53 Barb. 555; *Northrup* v. *Town of Pittsfield*, 2 N. Y. Sup. 108; *People* v. *Martin*, 58 Barb. 286; *Richmond Co. Gas Light Co.* v. *Town of Middletown*, 1 N. Y. Sup. 433.

*Cary & Jewell*, for respondent.

E. DARWIN SMITH, J. The circuit judge, we think, correctly held that the bonds in suit were valid obligations against the defendants. These bonds were payable to bearer and are valid commercial instruments, and it appearing that the plaintiff was a *bona fide* holder of them for value, and as they appeared on their face to be issued in pursuance of the express authority of the legislature, they were not open to any defense in respect to their validity, within the case of *St. Joseph Township* v. *Rogers* (U. S. Supreme Court), 16 Wall. 644.

As is stated in the points of the appellant's counsel neither the town nor its officers nor the board of supervisors controverted or disputed this claim. Nothing is really presented for our consideration but the single question, whether the remedy of the plaintiff for the recovery of said bonds was by action or mandamus.

The judge, at special term, held that the plaintiff could maintain this action and gave judgment therein accordingly.

The towns of this State are invested, to a certain extent, with the rights and duties of corporations, and may sue and be sued in the manner prescribed by law. 1 R. S. 337, § 1.

They may sue to enforce corporate rights, and be sued for the enforcement of their corporate liabilities, when the assertion of such rights or the enforcement of such duties shall require such a proceeding. *Lorillard* v. *Town of Monroe*, 11 N. Y. 394.

It is undoubtedly true that in respect to all that class of claims, accounts or demands against a town, which come within the scope of the powers and duties conferred upon the board of town auditors, to examine, settle, adjust and allow ; no action at law will lie against the town, certainly till they become fixed, recognized and admitted debts. The case of *Bell* v. *Town of Esopus*, 49 Barb. 506, asserts this doctrine, and, I think, the court, in that case, did not intend to assert any other.

That case should be limited to the large class of unliquidated charges against towns which rest in claim and demand until passed upon, audited and adjusted by some lawful authority. All such claims may be properly termed claims arising upon contract, and for which an action will not lie, within the intent and meaning of that case. But clearly the rule of that case does not apply to settled and admitted debts resting on bond or upon other adjusted, liquidated, admission or obligation binding on the towns. In such cases as in this, the preliminary stages of dispute, contestation and settlement and adjustment, have all been duly passed.

The bonds in this action are the clear, undisputed, liquidated debts of the town, and we have no doubt that the action was properly brought thereupon as held by the judge at the circuit, and was rightfully sustained within the cases of *Brown* v. *Town of Canton*, 4 Lans. 418; *Hathaway* v. *Town of Homer*, 5 id. 273 ; *St. Joseph Township* v. *Rogers*, 16 Wall. 645; *Northrup* v. *Town of Pittsfield*, 2 N. Y. Sup. 108.

The repeal of the act of 1869, by chap. 21 of the Laws of 1873, could not take away or affect the plaintiff's vested rights as a *bona fide* purchaser of these bonds.

The judgment should be affirmed.

*Judgment affirmed.*